IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAVID WILLIAM COTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17CV3 |
| | ) | |
| STATE OF NORTH CAROLINA | ) | |
| FIDUCIARY TRUSTEE, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon *pro se* Plaintiff David William Cotton's application to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a). (Docket Entry 1.) The Court will review the Complaint to determine whether dismissal is appropriate because it is frivolous or malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (internal citations omitted)("The word 'frivolous' is inherently elastic and not susceptible to categorical definition . . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim."). Additionally, a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

1

on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff's Complaint seeks relief for alleged constitutional violations surrounding purported debt owed by Plaintiff and the initiating of foreclosure proceedings upon Plaintiff's home. (*See generally* Compl., Docket Entry 2.) Plaintiff has named several defendants in this action. Plaintiff's claims against the named individual judges are barred by the doctrine of judicial immunity.[1] *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (citing *Bradley v. Fisher*, 80 U.S. 335 (1871)) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Johnson v. Byrd*, No. 1:16CV1052, 2016 WL 6839410, at *3 (M.D.N.C. Nov. 21, 2016) (finding judicial immunity applicable where the "[c]omplaint's allegations against the Judge Defendants concern their judicial actions in . . . matters before the [court].").  Additionally, it appears the specific allegations against Defendants Deneen Barrier and Stephanie Reams involve quasi-judicial decisions such that Plaintiff's claims against them (acting within their capacities as judicial officers) would also be barred. *Byrd*, No. 1:16CV1052, 2016 WL 6839410, at *3; *Wiley v. Buncombe Cty.*, 846 F. Supp. 2d 480, 485 (W.D.N.C.) (citation omitted) ("The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court

---

[1] To the extent Plaintiff requests injunctive relief, "the doctrine of judicial immunity in Section 1983 actions now extends to suits for injunctive relief." *Clay v. Osteen*, No. 1:10CV399, 2010 WL 4116882, at *4 (M.D.N.C. Oct. 19, 2010).

reporters, and other judicial adjuncts.'"), *aff'd*, 474 F. App'x 285 (4th Cir. 2012). Accordingly, the Court will grant Plaintiff's application to proceed *in forma pauperis*, and further recommend that this action be dismissed against Defendants Judge Archie L. Smith, III, Judge Beecher R. Gray, Stephanie Reams, and Deneen Barrier.

**IT IS THEREFORE ORDERED** that the plaintiff in the above-entitled proceeding be, and is hereby, permitted to commence said proceeding in this Court without prepayment of fees or costs, or giving security therefor. [28 U.S.C. 1915(a)]

Plaintiff is responsible for preparing and delivering to the Clerk, the correct summons for service on Defendants,[2] including the correct address and the name and title of the individual to be served on behalf of a corporation, association, infant, incompetent or government agency. Failure to prepare and deliver said summonses within 15 days from the filing of this order shall result in this case being dismissed without further notice.

**IT IS FURTHER ORDERED** that, upon proper return of the summonses, the United States Marshal shall serve the Complaint on Defendants.

**IT IS THEREFORE RECOMMENDED** that this action be dismissed against Defendants Judge Archie L. Smith, III, Judge Beecher R. Gray, Stephanie Reams, and Deneen Barrier.

Joe L. Webster
United States Magistrate Judge

March 31, 2017
Durham, North Carolina

---

[2] This excludes individually named judicial Defendants which the undersigned recommends be dismissed from this action.

3